**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2013-78

UNITED STATES TAX COURT

MARK ANTHONY RAEL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7237-11S.                    Filed October 21, 2013.

Mark Anthony Rael, pro se.

<u>Michael S. Hensley</u>, for respondent.

SUMMARY OPINION

GUY, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions

of section 7463 of the Internal Revenue Code in effect when the petition was

filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $3,278 in petitioner's Federal income tax for 2007 and an accuracy-related penalty of $656 under section 6662(a).  Petitioner filed a timely petition for redetermination with the Court pursuant to section 6213(a).

The issues for decision are whether petitioner is:  (1) entitled to a $13,548 deduction for unreimbursed employee business expenses comprising vehicle expenses of $7,065 and miscellaneous expenses of $6,483 reported on Schedule A, Itemized Deductions; (2) entitled to an $8,750 deduction for repairs reported on Schedule E, Supplemental Income and Loss; and (3) liable for an accuracy-related penalty under section 6662(a).  To the extent not discussed herein, other issues are computational and flow from our decision in this case.

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code (Code), as amended and in effect for 2007, and Rule references are to the Tax Court Rules of Practice and Procedure.  All monetary amounts are rounded to the nearest dollar.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts, the supplemental stipulation of facts, and the accompanying exhibits are incorporated herein by this reference. Petitioner resided in California at the time the petition was filed.

## I. Petitioner's Employment

During 2007 petitioner worked as a civil engineer for Keystone Communities (Keystone), a residential real estate developer in southern California. Keystone's business office was in Mission Valley, California, and petitioner worked on Keystone projects in La Mesa, Carlsbad, and Riverside County, California.

During the initial planning stage of a Keystone project, petitioner was responsible for hiring civil engineers and landscape architects and obtaining necessary construction permits from local authorities. When a project advanced to the construction phase, petitioner assisted in reviewing bids and hiring contractors to perform the necessary construction work. Petitioner normally drove his personal vehicle from his residence to Keystone's office and, when necessary, he drove from the office to various business meetings or to Keystone construction sites.

Petitioner testified that Keystone did not have a reimbursement policy for employee transportation costs or other business expenses and that he purchased numerous items required to perform his work for Keystone. Petitioner further testified that he was unable to provide a witness to corroborate his testimony because Keystone's owner died in 2009 and the company dissolved at that time.

Petitioner maintained a calendar during 2007 describing his daily work activities for Keystone. Although many of the calendar entries are illegible or unintelligible, some entries indicate that petitioner was scheduled to attend meetings on behalf of Keystone at various locations in southern California. The entire month of July 2007 is missing from petitioner's calendar. Many of the daily entries include a notation of the number of miles that petitioner drove that day, along with the name of the city, town, or Keystone project that petitioner visited. It appears that the daily mileage totals were added to the calendar sometime after 2007.

## II. Petitioner's 2007 Tax Return

Petitioner timely filed Form 1040, U.S. Individual Income Tax Return, for 2007. Petitioner reported wages of $75,465 from Keystone, and he checked the box for "single" filing status.

A. Itemized Deductions

Petitioner claimed itemized deductions of $18,439 on Schedule A (after the application of the 2% floor), including $13,549 for unreimbursed employee business expenses reported on Form 2106, Unreimbursed Employee Business Expenses, comprising in part $7,065 for vehicle expenses and $6,483 for miscellaneous business expenses.

1. Vehicle Expenses

Petitioner reported that he drove 14,566 and 3,434 miles for "business" and "other" purposes, respectively, and he elected to use the standard mileage rate in computing the $7,065 deduction claimed for vehicle expenses.[2]

2. Miscellaneous Business Expenses

Petitioner provided a schedule, summarized below, identifying items that he purchased during the course of his employment with Keystone:

---

[2]The Commissioner generally updates the optional standard mileage rate annually. See sec 1.274-5(j)(2), Income Tax Regs. Rev. Proc. 2006-49, sec. 5.01, 2006-2 C.B. 936, 938, established a standard mileage rate of 48.5 cents per mile effective for transportation expenses incurred on or after January 1, 2007.

| Item | Expense |
|------|---------|
| Department of Construction Affairs | $125 |
| Construction license | 187 |
| Maps, records, and supplemental documents | 488 |
| Tracing paper, batteries, printing, yearly organizer | 250 |
| Mobile phone | 1,860 |
| Office rack/file | 1,000 |
| Wireless hookup | 54 |
| AOL Express | 299 |
| Kinkos | 172 |
| Engineering periodicals | 216 |
| Lunches | 500 |
| Total | 5,151 |

Petitioner did not provide any invoices, receipts, canceled checks, or similar documentation to substantiate the miscellaneous business expenses listed above.

B. Schedule E

During 2007 petitioner owned two residential rental properties. Petitioner reported on Schedule E that he paid repair expenses of $8,750 for one of the properties. At trial, however, he did not produce invoices, receipts, canceled checks, or similar documentation to substantiate the expenses.

III. Tax Return Preparation

Petitioner's tax return for 2007 was prepared by Charlene Mendenhall, an employee of H&R Block. Petitioner testified that he provided Ms. Mendenhall

with calculations of the miles that he drove for business purposes. He further testified that, after Ms. Mendenhall prepared the return, he did not review the document in any detail before it was electronically filed. Ms. Mendenhall is not a certified public accountant.

## IV. Notice of Deficiency

Respondent disallowed the deductions petitioner claimed for unreimbursed employee business expenses reported on Schedule A and the repair expenses reported on Schedule E and determined that petitioner is liable for an accuracy-related penalty under section 6662(a). Respondent computed petitioner's tax liability for 2007 by allowing a standard deduction of $5,350 based on a filing status of single.[3]

## Discussion

The Commissioner's determination of a taxpayer's liability in a notice of deficiency normally is presumed correct, and the taxpayer bears the burden of proving that the determination is incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). As discussed in detail below, petitioner failed to comply with the Code's substantiation requirements, and he did not maintain all required

---

[3] Although petitioner testified at trial that he was married (but seeking a divorce) during 2007, respondent did not request to change petitioner's filing status from single to married filing separately. See sec. 1(c) and (d).

records.  Therefore, the burden of proof as to any relevant factual issue does not shift to respondent under section 7491(a).  See sec. 7491(a)(1) and (2); Higbee v. Commissioner, 116 T.C. 438, 442-443 (2001).

Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any deduction claimed.  Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  A taxpayer must substantiate deductions by keeping and producing adequate records that enable the Commissioner to determine the taxpayer's correct tax liability.  Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965).  A taxpayer claiming a deduction on a Federal income tax return must demonstrate that the deduction is allowable pursuant to a statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred.  Sec. 6001; Hradesky v. Commissioner, 65 T.C. at 89-90.

When a taxpayer establishes that he or she paid or incurred a deductible expense, but fails to establish the amount of the deduction, the Court normally may estimate the amount allowable as a deduction.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-

743 (1985). There must be sufficient evidence in the record, however, to permit the Court to conclude that a deductible expense was paid or incurred in at least the amount allowed. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

Under section 162(a), a deduction is allowed for ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. Whether an expenditure satisfies the requirements for deductibility under section 162 is a question of fact. See Commissioner v. Heininger, 320 U.S. 467, 475 (1943). Personal, living, and family expenses are generally nondeductible. Sec. 262(a).

The term "trade or business" includes performing services as an employee. Primuth v. Commissioner, 54 T.C. 374, 377-378 (1970). However, an employee business expense is not ordinary and necessary if the employee is entitled to reimbursement from his or her employer. See Podems v. Commissioner, 24 T.C. 21, 22-23 (1955); Noz v. Commissioner, T.C. Memo. 2012-272.

Section 274(d) prescribes more stringent substantiation requirements to be met before a taxpayer may deduct certain categories of expenses, including expenses related to business meals and entertainment and the use of listed property as defined in section 280F(d)(4). See Sanford v. Commissioner, 50 T.C. 823, 827 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969). As relevant here, the term

"listed property" includes passenger automobiles and cell phones. Sec. 280F(d)(4)(A)(i), (v).[4] To satisfy the requirements of section 274(d), a taxpayer generally must maintain adequate records or produce sufficient evidence corroborating his own statement, establishing the amount, date, and business purpose for an expenditure or business use of listed property. Sec. 1.274-5T(b)(6), (c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016-46017 (Nov. 6, 1985). Section 1.274-5T(c)(2), Temporary Income Tax Regs., supra, provides in relevant part that "adequate records" generally consist of an account book, a diary, a log, a statement of expense, trip sheets, or a similar record made at or near the time of the expenditure or use, along with supporting documentary evidence. Section 1.274-5(j)(2), Income Tax Regs., provides that the strict substantiation requirements of section 274(d) for vehicle expenses must be met even where the optional standard mileage rate is used. Finally, the Court may not use the rule established in Cohan v. Commissioner, 39 F.2d at 543-544, to estimate expenses covered by section 274(d). Sanford v. Commissioner, 50 T.C. at 827; sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

_____

[4]Sec. 280F(d)(4) was amended by the Small Business Jobs Act of 2010, Pub. L. No. 111-240, sec. 2043(a), 124 Stat. at 2560, which removed cellular phones (and similar telecommunications equipment) from the definition of listed property. The amendment is effective for taxable years beginning after December 31, 2009. Id. sec. 2043(b).

I.     Unreimbursed Employee Business Expenses

A.  Vehicle Expenses

Petitioner reported on Form 2106-EZ that he drove 14,566 miles for business purposes during 2007.  Although we do not doubt that petitioner drove some number of miles in connection with his work for Keystone, many of the daily entries in his 2007 calendar are illegible or unintelligible, making it impossible to determine the specific destination and/or business purpose for each trip.  We also note that the calendar entries recording the number of miles that petitioner drove on a particular day appear to have been added to the calendar sometime after 2007, casting doubt on the overall accuracy of the document.  Considering all of the facts and circumstances, we conclude that petitioner has failed to meet the strict substantiation requirements of section 274(d) with regard to vehicle expenses.  See sec. 1.274-5(j)(2), Income Tax Regs. (providing that the strict substantiation requirements of section 274(d) for vehicle expenses must be met even where the standard mileage rate is used).  As a result, respondent's determination disallowing the deduction petitioner claimed for vehicle expenses is sustained.

B.  Miscellaneous Expenses

Petitioner claimed a deduction of $6,483 for miscellaneous unreimbursed employee business expenses for items such as residential and construction

licenses, office supplies, cell phone service, engineering periodicals, and lunches with his Keystone team and consultants. As previously mentioned, meals and entertainment expenses and cell phone charges are subject to the strict substantiation requirements of section 274(d). In any event, petitioner failed to provide invoices, receipts, canceled checks, or similar records to substantiate any of the miscellaneous expenditures, and he did not offer secondary evidence corroborating his testimony regarding the expenditures. On the record presented, we sustain respondent's determination disallowing the $6,483 deduction petitioner claimed for miscellaneous employee business expenses.

## II. Schedule E

Petitioner claimed a deduction of $8,750 on Schedule E for repair work he purportedly performed on one of his rental properties. Respondent disallowed the deduction for lack of substantiation.

Petitioner failed to produce any bills, receipts, canceled checks, or similar records to substantiate the repair expenses, and he did not offer secondary evidence corroborating his testimony. There is no evidence to permit the Court to estimate the amount of any deductible expense. On the record presented,

respondent's disallowance of the deduction petitioner claimed for repair expenses is sustained.

## III. Accuracy-Related Penalty

Section 6662(a) and (b)(1) imposes a penalty equal to 20% of the amount of any underpayment attributable to negligence or disregard of rules or regulations. The term "negligence" includes any failure to make a reasonable attempt to comply with tax laws, and "disregard" includes any careless, reckless, or intentional disregard of rules or regulations. Sec. 6662(c). Negligence also includes any failure to keep adequate books and records or to substantiate items properly. Sec. 1.6662-3(b)(1), Income Tax Regs.; see Olive v. Commissioner, 139 T.C. 19, 43 (2012).

Section 6664(c)(1) provides an exception to the imposition of the accuracy-related penalty if the taxpayer establishes that there was reasonable cause for, and the taxpayer acted in good faith with respect to, the underpayment. Sec. 1.6664-4(a), Income Tax Regs. The determination of whether the taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs.

A taxpayer may be able to demonstrate reasonable cause and good faith (and thereby escape the accuracy-related penalty of section 6662(a)) by showing reasonable reliance on professional advice. See sec. 1.6664-4(b)(1), Income Tax Regs. However, reliance on professional advice is not an absolute defense to the section 6662(a) penalty. Freytag v. Commissioner, 89 T.C. 849, 888 (1987), aff'd, 904 F.2d 1011 (5th Cir. 1990), aff'd, 501 U.S. 868 (1991). A taxpayer asserting reliance on professional advice must prove that: (1) the adviser was a competent professional with sufficient expertise to justify reliance; (2) the taxpayer provided the adviser necessary and accurate information; and (3) the taxpayer actually relied in good faith on the adviser's judgment. See Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 99 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002). As a defense to the penalty, petitioner bears the burden of proving that he acted with reasonable cause and in good faith. See Higbee v. Commissioner, 116 T.C. at 446.

With respect to a taxpayer's liability for any penalty, section 7491(c) places on the Commissioner the burden of production, thereby requiring the Commissioner to come forward with sufficient evidence indicating that it is appropriate to impose the penalty. Once the Commissioner meets his burden of production, the taxpayer must come forward with persuasive evidence that the

Commissioner's determination is incorrect. <u>Higbee v. Commissioner</u>, 116 T.C. at 447; <u>see</u> Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. at 115.

Respondent discharged his burden of production under section 7491(c) by showing that petitioner failed to keep adequate records and properly substantiate the deductions he claimed. <u>See</u> sec. 1.6662-3(b)(1), Income Tax Regs.

Although petitioner relied on a paid tax preparer, there is no evidence in the record regarding the return preparer's experience or qualifications that would support the conclusion that petitioner's reliance on the preparer was reasonable. Petitioner admitted that he did not carefully review the return before filing it. Taxpayers have a duty to review their tax returns before signing and filing them, and the duty of filing accurate returns cannot be avoided by placing responsibility on a tax return preparer. <u>Metra Chem Corp. v. Commissioner</u>, 88 T.C. 654, 662 (1987); <u>Magill v. Commissioner</u>, 70 T.C. 465, 479-480 (1978), <u>aff'd</u>, 651 F.2d 1233 (6th Cir. 1981). In sum, on the record presented, petitioner failed to show that he acted with reasonable cause and in good faith within the meaning of section 6664(c)(1).

Accordingly, respondent's determination that petitioner is liable for an accuracy-related penalty under section 6662(a) is sustained.

Consistent with the preceding discussion,

<u>Decision will be entered</u>

<u>for respondent</u>.